IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK N. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO. 05-0698-CG-M |
| ) | |
| STUART A. WEIN, individually and ) | |
| in his official capacity as Administrative ) | |
| Law Judge, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on defendant's motion to dismiss (Doc. 12) and plaintiff's response thereto (Doc. 14).  The court finds that this court lacks subject matter jurisdiction over this case and that, therefore, the motion is due to be granted.

## DISCUSSION

**A. Dismissal Standard**

A motion to dismiss should not be granted "unless the plaintiff can prove no set of facts which would entitle him to relief."  Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir.1996) (quoting Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir.1993)). In making this determination, the court must "take all the allegations in the complaint as true, and view the complaint in the light most favorable to the plaintiff." Id.  However, to survive a motion to dismiss, a plaintiff may not merely "label" his claims.   At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (quoting FED.R.CIV.P. 8(a)(2)).

**B. Plaintiff's Claims**

Plaintiff filed his complaint seeking compensatory and injunctive relief for alleged wrongs committed by defendant, an administrative law judge for the Social Security Administration ("SSA"), when the defendant considered and ultimately denied plaintiff's application for Social Security disability insurance benefits and Supplemental Security Income. Defendant moves to dismiss this action for lack of jurisdiction.

The jurisdiction of this court to review actions taken by the SSA is governed by § 205(g) of the Social Security Act (codified at 42 U.S.C. § 405(g)) as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commission may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g). Section 405(h) provides the following:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). Our jurisprudence dictates that if a right to sue the United States is created by statute, and the statute provides a specific remedy, that remedy becomes the exclusive method by which a claim may be brought. United States v. Babcock, 250 U.S. 328, 331 (1919). Therefore, any lawsuit seeking judicial review of the findings and decision of the SSA must be brought in compliance with § 405(g) unless the plaintiff can present a colorable constitutional claim. See Califano v. Sanders, 430 U.S. 99, 108, 97 S.Ct. 980, 986 (1977) (finding that the requisites of § 405(g) were not met and therefore, that the decision was not subject to review by

the federal courts unless the plaintiff presented a colorable constitutional claim); Brandyburg v. Sullivan, 959 F.2d 555, 562 (5th Cir. 1992) (finding that the court "must affirm the district court's dismissal unless Brandyburg has raised a colorable constitutional claim.").

Plaintiff's complaint alleges due process violations brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  "[A] Bivens action is the federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983." Hartman v. Moore, 126 S.Ct. 1695, 1700 n. 2 (2006).  The Supreme Court has held that Bivens relief was unavailable for Social Security recipients whose benefits had been terminated improperly in violation of the Due Process Clause.  Schweiker v. Chilicky, 487 U.S. 412, 428-29, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988).  Given the "elaborate remedial scheme devised by Congress" to deal with the improper denial or termination of disability benefits, the Court saw no reason to tread on congressional prerogatives by creating a new judicial remedy for the particular harm suffered by the claimants. Id. at 414; see also Bush v. Lucas, 462 U.S. 367, 368, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983) (Because plaintiff's claims arose out of a "relationship ... governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States," the Court concluded "it would be inappropriate ... to supplement that regulatory scheme with a new judicial remedy.").  Moreover, plaintiff fails to allege any facts to support a due process claim.  As stated above, merely labeling a claim is insufficient to survive a motion to dismiss.

Upon review of plaintiff's claims, the court concludes that he has failed to raise a colorable constitutional claim of any kind.  Plaintiff alleges the ALJ posed an improper hypothetical question to a vocational expert, did not read or properly consider exhibits, and did not allow "a fair hearing for opening and closing statement" or a "fair hearing for a direct and cross-examination."  The complaint does not indicate why the ALJ's actions were allegedly

unfair or improper.   Such allegations appear to simply attack the conclusions and findings of fact of the ALJ.   As discussed above, to the extent plaintiff claims that the ALJ's conclusions and findings of fact are faulty, plaintiff must seek review through § 405(g) of the Social Security Act.  The court finds that the factual allegations asserted in plaintiff's complaint do not support a constitutional claim.

## **CONCLUSION**

For the reasons stated above, defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 12) is **GRANTED**, and this case is hereby **DISMISSED**.

**DONE and ORDERED** this 4th day of August, 2006.

                                                /s/  Callie V. S. Granade
                                        CHIEF UNITED STATES DISTRICT JUDGE